IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| M.W.C.,[1] | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-24-1203-STE |
| | ) |
| FRANK BISIGNANO, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act (the Act). The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to disposition by a magistrate judge under 28 U.S.C. § 636(c). The parties have briefed their positions, and the matter is now at issue. The Commissioner's decision is **REVERSED** and **REMANDED.**

I.    PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits under Title II of the Act alleging disability beginning February 1, 2021. The Social Security Administration denied Plaintiff's

---

[1] The Court uses only Plaintiff's initials to protect his privacy.

application for benefits. Following an administrative hearing, (TR. 31-42),[2] an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 18-25). The Appeals Council denied Plaintiff's request for review, (TR. 1-5), making the decision of the ALJ the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. See Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity after her alleged onset date. (TR. 20).

At step two, the ALJ determined Plaintiff suffers from the severe impairment of "hypertension with dizziness/vertigo." (TR. 21).

At step three, the ALJ found that Plaintiff's impairments, considered individually or in combination, did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 21).

At step four, the ALJ concluded Plaintiff has the residual functional capacity (RFC)[3] to

> perform "light work" as defined in 20 C.F.R. 404.1567(b), except that the claimant can only: never climb ladders, ropes, or scaffolds; never kneel, crouch, or crawl; occasionally balance and stoop; occasionally climb ramps

---

[2] Citations to court filings are to the CM/ECF pagination. Citations to the administrative record (TR. \_\_\_\_) are to its original pagination.

[3] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

and stairs; and must avoid exposure to workplace hazards, such as dangerous moving machinery and unprotected heights.

(TR. 21). The ALJ next found Plaintiff could perform his past relevant work as a realtor (DOT #250.357-018) and a business owner (DOT #185.167-046). (TR. 24). The ALJ therefore concluded Plaintiff was not disabled. (TR. 24).

### III.   ISSUES PRESENTED

On appeal, Plaintiff argues: (1) the ALJ's hypothetical question to the vocational expert was "fatally flawed" and his assessment of Plaintiff's RFC is not supported by substantial evidence (ECF No. 12:3-7); (2) the ALJ failed to properly develop the record (ECF No. 12:7-9); (3) the ALJ failed to properly consider Plaintiff's past work at Step Four of the sequential evaluation process (ECF No. 12:10-13); and (4) the ALJ's evaluation of Plaintiff's subjective complaints under Social Security Ruling 16-3p fails to salvage the ALJ's errors. (ECF No. 12:13-15).

### IV.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d 1172, 1177 (10th Cir. 2020) (citation modified).

Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation modified). "Substantial evidence . . . is more than a mere scintilla. It means—and means

only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103 (citation modified). While the court considers whether the ALJ followed the applicable rules of law in weighing evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (citation modified). Nevertheless, the Court must reverse decisions if the ALJ has simply picked out and relied on evidence that supports his conclusion without discussing relevant evidence to the contrary.

## V. PLAINTIFF'S RFC AND QUESTION TO THE VOCATIONAL EXPERT ARE NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

Plaintiff claims his RFC assessment is unsupported by substantial evidence and the related hypothetical question to the vocational expert was "fatally flawed" because the ALJ failed in both instances to account for Plaintiff's back pain. (ECF No. 12:3-7). The ALJ assessed Plaintiff with the RFC to

> perform "light work" as defined in 20 C.F.R. 404.1567(b), except that the claimant can only: never climb ladders, ropes, or scaffolds; never kneel, crouch, or crawl; occasionally balance and stoop; occasionally climb ramps and stairs; and must avoid exposure to workplace hazards, such as dangerous moving machinery and unprotected heights.

(TR. 21). At the administrative hearing, the ALJ asked the vocational expert a related hypothetical question about what kinds of jobs a worker with a similar RFC could perform, and the expert testified that such a worker could perform Plaintiff's past relevant work. (TR. 40-41). Plaintiff seems to argue that because his RFC assessment is unsupported by substantial evidence, the vocational expert's testimony based on the related hypothetical question cannot support the Commissioner's decision. *See also Hargis v. Sullivan*, 945

F.2d 1482, 1492 (10th Cir. 1991) ("Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." (citation modified)). The undersigned agrees Plaintiff's RFC assessment is unsupported by substantial evidence because it does not account for Plaintiff's back pain; the ALJ's related hypothetical question was similarly flawed. (ECF No. 12:4-7).

Under Social Security Ruling 96-8p, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 WL 374184, *5 (July 2, 1996); *see also* 20 C.F.R. §§ 404.1520(a)(3), 404.1545(a)(2). Although a non-severe impairment may not by itself "significantly limit an individual's ability to do basic work activities," it may impact a claimant's RFC when considered in combination with other impairments. SSR 96-8p, 1996 WL 374184, *5.

Plaintiff first complained of back and related leg pain in July 2020; he reported the pain had begun in June after he had driven 6,000 miles in three days. (TR. 306-07). He reported back pain again in December 2020 during a visit that nevertheless produced normal findings. (TR. 357, 420, 793 & 879). At the administrative hearing, he described periodically recurring pain "down in [his] lower back" which caused his right leg to "go numb" with "a dull pain associated with it." (TR. 38). He described how these symptoms created difficulty walking: "If I walked slow, my right leg would go numb. If I stood on my feet for very long, my right leg would go numb. I couldn't stand on my foot, my feet

[sic] for more than probably about [twenty] minutes before I'd have to go sit down." (TR. 39). The ALJ did not address Plaintiff's back pain or related leg numbness in his decision.

"It is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004). Although the "ALJ is not required to discuss every piece of evidence," he is required "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

The Commissioner argues the ALJ did enough by attesting he considered Plaintiff's allegations "that due to his physical impairments he has difficulty lifting, squatting, bending, standing, reaching, walking, hearing, and climbing."(ECF 21:7); *see also* (TR. 22). It is not clear, though, that this blanket statement refers to Plaintiff's back pain at all. In the same paragraph the ALJ says Plaintiff "testified that he experiences vertigo, hearing loss, and numbness" and "also testified that he can only walk for [ten-to-fifteen] minutes at one time." (TR 22). The ALJ's citation for Plaintiff's "physical impairments" is his function report that describes neurological problems—mainly vertigo—suggesting the ALJ attributed his difficulty walking to his vertigo. (TR 209-18). But during the administrative hearing Plaintiff explicitly attributed his problems walking and standing due to back pain and numbness in his right leg. (TR 38-39). The Commissioner's argument fails.

The Commissioner also argues that any failure to consider Plaintiff's backpain is harmless because in any case his pain did not last long enough to meet the requirement that a claimant have an impairment lasting at least twelve months in order to qualify for disability insurance payments. (ECF 21:10-11); *see also* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1509. The Commissioner's argument relies on Plaintiff's denial of back pain during an April 2021 doctor visit. (ECF No. 21:10-11 ("These issues only cropped up after a whirlwind road trip (AR 306) and resolved in less than 12 months[.]" (citing, e.g., TR. 341)). However, during the administrative hearing Petitioner described his back pain as intermittent. And any denials of back pain after 2020 conflict with Plaintiff's administrative hearing testimony and his son's third-party report describing difficulties standing. (TR. 39 & 202-08). It was the ALJ's prerogative to resolve such evidentiary conflicts. *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016). He may not, as the ALJ did here, pick and choose among the evidence to support his RFC assessment. *Hardman*, 362 F.3d at 681. Commissioner's harmless error argument likewise fails.

Plaintiff's RFC assessment is unsupported by substantial evidence, and the ALJ's related hypothetical question to the vocational expert cannot support the Commissioner's decision. *See Hargis*, 945 F.2d 1492.

## VI.   PLAINTIFF'S REMAINING CLAIMS

The Court declines to consider Plaintiff's remaining allegations of error because her RFC may be affected by the Commissioner's reconsideration of Plaintiff's case on remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not

reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## VII.  CONCLUSION

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on October 6, 2025.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE